GEORGE CHIKOVANI (SBN 254437)
TRACI M. KEITH (SBN 235828)
KELLEN A. FURLIN-FABER (SBN 303626)
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco, CA 94104-2626
Tel: (415) 839-8779
Fax: (415) 737-1363
Email: gchikovani@plylaw.com
tkeith@plylaw.com
kfurlin@plylaw.com

Attorneys for Defendant
BROOKLINEN, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

PARKER ANDERSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BROOKLINEN, INC., AND DOES 1-10,

Defendants.

Case No. '25CV2446 RSH KSC

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT, BROOKLINEN, INC. PURSUANT TO 28 U.S.C. § 1332(D)(2) (CAFA)**

(SAN DIEGO SUPERIOR COURT CASE NO. 24CU024312C)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF PARKER ANDERSON AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Brooklinen, Inc. (hereafter, "Defendant" or "Brooklinen") hereby effects the removal of the action entitled *Parker Anderson, individually and on behalf of all others similarly situated, Plaintiff, vs. Brooklinen, Inc., and Does 1-10, Defendant*, Case No. 24CU024312C from the Superior Court of the State of California from the County of San Diego to the United States District Court for the Southern District of California.

This removal is based on 28 U.S.C § 1332(d)(2) and specifically, on the following grounds:

## I. STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (hereafter, "CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

Venue is proper in this Court because it is the District Court of the United States for the District within which the Superior Court of the State of California of the County of San Diego is located.

## III. STATUS OF PLEADINGS, PROCESS AND ORDERS

On November 22, 2024, Plaintiff Parker Anderson (hereafter, "Plaintiff" or "Anderson"), on behalf of herself and others similarly situated, filed a Complaint against Defendant in the Superior Court of the State of California, County of San Diego, entitled *Parker Anderson, individually and on behalf of all others similarly situated, Plaintiff, vs. Brooklinen, Inc., and Does 1-10, Defendant*, Case No. 24CU024312C. *See* **Exhibit A**.

The Complaint contains three asserted causes of action for (1) Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) Violation of California's

false Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.; and (3) Violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§1750, et seq.

Plaintiff purported to serve Defendant on January 23, 2025. A true and correct copy of the Summons, Civil Cover Sheet, and Proof of Service of Summons, are attached hereto as **Exhibit B**.

On May 29, 2025, Defendant filed its general denial and affirmative defenses to Plaintiff's Complaint in San Diego Superior Court. True and correct copies of these documents, including attachments, are attached hereto as **Exhibit C.**

A true and correct copy of the San Diego County Superior Court's entire remaining file is attached as **Exhibit D.**

To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in San Diego County Superior Court.

## IV. NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

Promptly upon the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Caleb Marker and Jeff Westerman of Zimmerman Reed, LLP 6420 Wilshire Blvd., Suite 1080, Los Angeles, California, 90048 and Winston Hudson of Jennings, PLLC, 500 President Clinton Avenue, Suite 110, Little Rock, Arkansas 72201.

A copy of the Notice of Removal will also be filed with the Clerk of the Court for the Superior Court of California, San Diego County.

## V. TIMELINESS OF REMOVAL

This Notice of Removal is timely filed. "Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013). These provisions "operate as limitations on the right to removal rather than as authorizations to remove." *Id*. Therefore, "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." *Id*. In short, the *Roth* case held that "a defendant [may]

remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Id.* at 1125.

Here, the Complaint does not put Defendant on notice that the case was removable, because the Complaint does not state the number of members of the purported class, nor the amount of damages, restitution, or other monetary compensation sought by the class plaintiff or any class member.

Nor has Plaintiff produced "some other document" triggering the 30-day deadline for Defendant to remove.

## VI. CAFA JURISDICTION

This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and at least one named and served Defendant; and (4) the total amount in controversy for all class members exceeds $5,000,000.

### A. The Proposed Class Contains at Least 100 Members

28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the numbers of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in this case.

Plaintiff seeks to represent a class consisting of "All persons residing in the State of California who, during the applicable limitations period, purchased one or more items from any website operated by Defendant, at a represented discount from a higher reference price." Complaint, ¶ 67.

According to Plaintiff's class definition, and upon a review of Defendant's sales records, this number far exceeds 100 persons.

### B. Defendant is Not a Government Entity

Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

Defendant is a private business entity, not a state, state official, or other governmental entity exempt from CAFA.

**C. There is Diversity Between at Least One Class Member and Defendant**

CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

Plaintiff is a Citizen of California. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir.1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges in the Complaint, "Plaintiff Parker Anderson is a citizen and resident of San Diego County, California." Complaint, ¶ 12; *see* also *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *Smith v. Simmons*, No. 105-CV-01187-OWW-GSA) 2008 WL 744709, at *7 (E.D. Cal., Mar. 18, 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

Defendant is not a Citizen of California. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(l); *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010). The "nerve center" test should be used to determine a corporation's "principal place of business." *Id.* A corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.*

Defendant Brooklinen, Inc. is a Delaware Corporation that is headquartered in New York, New York. Defendant makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, investor relations, and other policy decisions primarily at the headquarters in New York, New York, which is the corporation's "nerve

center" and "principal place of business". Defendant is not a citizen for diversity purposes of California.

**D. The Amount in Controversy Exceeds $5,000,000**

This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). For purposes of CAFA jurisdiction the claims of the individual plaintiffs are aggregated in determining the amount in controversy. 28 U.S.C. § 1332(d)(6).

The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A notice of removal "need not contain evidentiary submissions." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) (citing *Dart*).

Here, Plaintiff does not allege the amount in controversy in the Complaint. A review of the allegations, coupled with Defendant's sales data records, demonstrates that the amount in controversy in this case exceeds $5,000,000.

The amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.* 888 F.3d 413, 415 (9th Cir. 2018); *see also* Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover.")

Plaintiff seeks to represent a class of "All persons residing in the State of California who, during the applicable limitations period, purchased one or more items from any website operated by Defendant, at a represented discount from a higher reference price". Under the first cause of action alone for violation of the UCL, Plaintiff alleges he would not have purchased the products if not for Defendant's alleged fraudulent acts and practices and seeks to have Defendant "restore" the money to

him and the members of the class, and also to disgorge the profits Defendant made on these transactions. Complaint, ¶¶ 104, 107. Plaintiff's claims are subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208.

Therefore, the potential amount in controversy includes the dollar value of all sales made to persons residing in California at a represented discount from a higher reference price, over the four years preceding the filing of the Complaint. Based on a review of Defendant's sales records, this total significantly exceeds $5,000,000. In addition to restitution of all amounts paid by class members, the Complaint also seeks disgorgement of Defendant's profits, and attorneys' fees and costs.

In sum, when viewed in combination, the amount in controversy on Plaintiff's claims for economic damages exceeds $5,000,000.

Defendant provides the foregoing only to demonstrate that the amount in controversy in this case easily exceeds the amount in controversy requirement of CAFA. Defendant makes no admission of any liability or damages with respect to any aspect of this case. Furthermore, Defendant does not waive any affirmative defenses that have been or may be pleaded.

**VII. CONCLUSION AND REQUEST FOR RELIEF**

For the reasons described above, Plaintiff's claims are properly removable under 28 USC § 1332(d). Accordingly Defendant Brooklinen, Inc. respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: September 17, 2025

PUTTERMAN | YU | WANG LLP

By: ______________________

GEORGE CHIKOVANI
Attorneys for Defendant BROOKLINEN, INC.