UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BROOKLINEN, INC., et al.,<br><br>Defendants. | Case No.: 25-cv-2446-RSH-KSC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[ECF No. 5] |

Pending before the Court is a motion to remand filed by plaintiff Parker Anderson. ECF No. 5. As set forth below, the motion is denied.

**I.    BACKGROUND**

On November 22, 2024, Plaintiff filed this putative class action against defendant Brooklinen, Inc., in the California Superior Court for the County of San Diego. ECF No. 1-2 ("Compl."). The Complaint alleges as follows. Defendant markets and sells bed sheets, linens, and other bedding products online through its website. *Id.* ¶ 2. At issue in this case are products that Defendant's website lists for sale at a price that is purportedly discounted from a higher reference price—for example, a comforter listed for sale at "$~~199~~ $159.20," accompanied with the words "20% off everything"—where Defendant allegedly did not actually sell that product at the higher reference price in the preceding three months. *Id.* ¶¶

1

4, 21. California law provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertisement, or unless the date of the alleged former price is clearly stated in the advertisement. Cal. Bus. & Prof. Code § 17501. Additionally, the Federal Trade Commission ("FTC") prohibits false or misleading "former price comparisons." *See* 16 C.F.R. § 233.1. The Complaint describes Defendant as engaging in a "false discount" scheme. Compl. ¶¶ 22, 23.

Plaintiff alleges that he bought two sheet sets from Defendant's website that were falsely advertised as being discounted from a higher reference price; that he was misled into believing that the sheet sets had actually been offered at that higher reference price within the preceding three months; and that he would not have purchased the products if he had known that the products had not in fact been previously sold at the higher price. *Id.* ¶¶ 25, 31–36. Plaintiff seeks to represent a putative class of "[a]ll persons residing in the State of California who, during the applicable limitations period, purchased one or more items from any website operated by Defendant, at a represented discount from a higher reference price." *Id.* ¶ 67.

The Complaint brings claims for: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and (3) California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq. Id.* ¶¶ 78–134. Plaintiff seeks, among other relief, restitution from Defendant of all money obtained from Plaintiff and the class members as a result of Defendant's false and misleading advertising. *Id.* ¶¶ 97, 119.

Defendant asserts it was served with process on January 23, 2025. ECF No. 1 at 3.[1] On May 30, 2025, Defendant filed a general denial and affirmative defenses in San Diego

---

[1] The proof of service of summons, however, appears to indicate that Defendant was served on January 15, 2025, and that the proof of service was subsequently filed with the state court on January 23, 2025 ECF No. 1-3 at 7.

Superior Court. ECF No. 1-4.

On September 17, 2025, Defendant filed its notice of removal. ECF No. 1. Defendant asserts that this Court has original jurisdiction over this lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *Id.* at 4.

On October 17, 2025, Plaintiff filed his motion to remand. ECF No. 5. The motion is fully briefed. *See* ECF Nos. 9 (opposition), 10 (reply).

## II.   LEGAL STANDARD

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Under 28 U.S.C.S. § 1441, "only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U. S. C. § 1441(a). "[R]emovability is generally determined as of the time of the petition for removal[.]" *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

CAFA "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. §§ 1332(d)(2), (5)(B)). "The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal." *Wash. State v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

To satisfy the amount-in-controversy requirement, "a removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 89). "[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-

in-controversy requirement is satisfied." *Id.*

"Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (internal quotation marks omitted). "Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. However, "if the plaintiff contests the defendant's allegation ... both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

"Because the Court evaluates a challenged amount-in-controversy estimate under the preponderance of the evidence standard, the defendant need only establish 'that the potential damage *could* exceed the jurisdictional amount.'" *Campbell v. Skywest Airlines, Inc.*, No. 3:24-cv-2141 TWR (SBC), 2025 WL 720188, at *3 (S.D. Cal. Mar. 6, 2025) (quoting *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014)). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400.

"While the defendant's amount-in-controversy estimate must be grounded in the plaintiff's complaint, the parties' additional evidence may include 'affidavits or declarations, or other summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal.'" *Campbell v. SkyWest Airlines, Inc.*, No. 3:24-CV-2141 TWR (SBC), 2025 WL 720188, at *3 (S.D. Cal. Mar. 6, 2025) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

### III. ANALYSIS

#### A. Amount in Controversy

Plaintiff's motion to remand argues that Defendant has not satisfied the amount-in-controversy requirement. ECF No. 5-1 at 8–10. Plaintiff asserts that "this Court's jurisdiction should not be premised by unsubstantiated say-so" contained in the notice of removal, and that "[b]ecause Plaintiff contests that jurisdiction is proper, Defendant must

now substantiate its claim with actual data and demonstrate that CAFA's amount in controversy requirement is met." *Id.* at 9.

In response, Defendant offers a declaration from its Chief Financial Officer, stating that Defendant's sales data demonstrates that products that were either shipped or billed to a California address and sold at a discount from the list price during the class period accounted for over 663,000 transactions with combined sales prices totaling over $150 million. ECF Nos. 9 at 11–12; 9-1 ¶¶ 7, 8. Plaintiff's reply brief does not dispute that this declaration is sufficient to establish an amount in controversy exceeding $5 million here. The Court concludes that Defendant has met its burden to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied. *See* ECF No. 10.

Plaintiff's motion also does not contest that the Complaint satisfies the other requirements for jurisdiction under CAFA, namely, a class of more than 100 members, and minimal diversity. The Court determines that these requirements are also met here.

**B.    Timeliness of Removal**

Plaintiff also seeks to remand the case on the grounds that Defendant's notice of removal was untimely. ECF No. 5-1 at 5–8. "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.*, 707 F.3d 1136, 1139 (9th Cir. 2013). Under 18 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." Additionally, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 18 U.S.C. § 1446(b)(3).

Plaintiff argues that "the thirty-day deadline to remove began on January 15, 2025, when Defendant was served with Plaintiff's Complaint, and Defendant was put on notice by the Complaint that this case was removable under both CAFA and diversity

jurisdiction." ECF No. 5-1 at 7. Plaintiff contends that the following allegations collectively demonstrate, on the face of the Complaint, that the amount in controversy requirement is met: "Defendant, through its website, has sold millions of units of merchandise to customers in California and nationwide," Compl. ¶ 19; "all or nearly all of the reference higher prices on the website are false or misleading," *id.* ¶ 7; "many, if not all" of Defendant's products are sold on its website, *id.* ¶ 43; and "Defendant has earned millions of dollars selling products at misrepresented discounts that do not actually exist," *id.* ¶ 8. *See generally* ECF Nos. 5-1 at 6 (listing allegations in the Complaint that allegedly establish removability); 10 at 4–5 (same).

Plaintiff's argument that the Complaint is removable on its face is in tension with Plaintiff's separate argument, in the same motion, that the Complaint is not removable at all. The Court agrees with Defendant that this action is removable, although not on the face of the Complaint. The Complaint alleges that Defendant has sold millions of units of merchandise on its website, including many or all of Defendant's products; and that where the website contains "reference higher prices," all or nearly all of those prices are false or misleading. But the Complaint does not set forth a basis for estimating that the amount of harm suffered or that the restitution sought exceeds $5 million. The Complaint's allegations that Defendant has "millions" in unjustly received revenues, without more, does not meet the threshold either.

Plaintiff argues, in the alternative, that the allegations in the Complaint, combined with sales data outside the Complaint but within Defendant's control, established the removability of the Complaint and immediately upon service began the running of the 30-day window for removal. However, this argument is precluded by the Ninth Circuit's decision in *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013). *Roth* held that where an initial pleading is "indeterminate" as to removability—that is, where "[i]t did not reveal on its face … that there was sufficient amount in controversy to support jurisdiction under CAFA"—"a defendant does not have a duty of inquiry." *Id.* at 1125. *Roth* stated that the removal statutes "permit a defendant to remove outside the two

|   |   |
|---|---|
| 1 | thirty-day periods on the basis of its own information, provided that it has not run afoul of |
| 2 | either of the thirty-day deadlines," *id.*, and that "a defendant's subjective knowledge cannot |
| 3 | convert a non-removable action into a removable one" for purposes of beginning the 30- |
| 4 | day time limits of Section 1446(b)(1) or (b)(3), *id.* at 1226. In so holding, the Ninth Circuit |
| 5 | recognized that "in some diversity cases, defendants will be able to take advantage" of the |
| 6 | indeterminacy of the complaint, and "may sometimes be able to delay filing a notice of |
| 7 | removal until it is strategically advantageous to do so." *Id.* The Court of Appeals continued, |
| 8 | however: "Our best answer—and a likely sufficient answer—is that plaintiffs are in a |
| 9 | position to protect themselves. If plaintiffs think that the defendant might delay filing a |
| 10 | notice of removal until a strategically advantageous moment, they need only provide to the |
| 11 | defendant a document from which removability may be ascertained." *Id.* The Court finds |
| 12 | unpersuasive Plaintiff's efforts to distinguish *Roth*. |

In a case decided months before *Roth*, the Ninth Circuit stated that the removal statute "requires a defendant to apply a reasonable amount of intelligence in determining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001). The Ninth Circuit in *Kuxhausen* gave, as an example of that duty, "[m]ultiplying figures clearly stated in a complaint," including multiplying the number of class members with the amount in controversy for each class member. *Id.* at 1140. But the court added that the defendant "was not obligated to supply information which [the Complaint] omitted." *Id.* at 1141. The Ninth Circuit reversed a district court's determination that removal was untimely, where the district court determined whether a complaint was removable by postulating an amount in controversy for each class member: "Presumably, [the district court] thought that [$25,000 in controversy per class member] was a plausible-enough guess for a case involving German luxury automobiles, perhaps doubly so since [the plaintiff's] individual vehicle contract was for more than twice that amount." *Id.* The Ninth Circuit continued:

> The fact remains, however, that we "don't charge defendants with removability until they've received a paper that gives them enough

information to remove." This principle helps avoid a "Catch-22" for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. … Thus, because nothing in [the plaintiff's] complaint "indicate[d] that the amount demanded *by each putative class member* exceed[ed] $25,000" it fell short of triggering the removal clock under Section 1446(b).

*Id.* (citations omitted). Although Plaintiff cites *Kuxhausen* in its remand motion, *Kuxhausen* like *Roth* favors denial of this motion. Defendant was not, upon service of the Complaint here—that was indeterminate as to removability—required to consult its sales data and file its notice of removal within 30 days. Defendant's removal was timely.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand [ECF No. 5] is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 24, 2025

_____
Hon. Robert S. Huie
United States District Judge